**Mohamed GALAL EL SAYED,
Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–2259–ag.**

United States Court of Appeals,
Second Circuit.

May 25, 2006.

Khagendra Gharti–Chhertry, Chherty & Associates, P.C., New York, NY, for Petitioner.

---

1. In petitions for review of final orders of removal, "[t]he respondent is the Attorney General" under 8 U.S.C. § 1252(b)(3)(A).

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Patrick W. Johnson, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

Present JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

El Sayed, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Steven R. Abrams's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts and affirms the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review questions of law de novo, including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

"Typically, compulsory military service does not provide asylum seekers with adequate cause for claiming persecution." *Islami*, 412 F.3d at 396. However, if an applicant's refusal to serve in the military leads to "disproportionately excessive penalties" on account of a protected ground, that person may be eligible for asylum. *Id.* Here, the IJ did not err in denying El Sayed asylum and withholding of removal in finding that his conviction and three-

year sentence were not on account of a protected ground. The record indicates that El Sayed expressed no political opinions or opposition to the Egyptian government other than his desire not to serve in the military for more than his five-year term. In addition, the IJ reasonably found that although the country condition reports indicated that prisons in Egypt were poorly maintained, and abuse of prisoners was frequently documented, they fell short of establishing a pattern or practice of persecution against military deserters.

Moreover, it was in the IJ's authority as factfinder to determine that El Sayed's fear of being implicated in the defection of his fellow trainee did not constitute a political opinion, but rather was a part of El Sayed's desire to avoid lawful prosecution. We also find that a reasonable adjudicator would not be compelled to overturn the IJ's finding that El Sayed did not provide sufficient evidence to prove his argument that he would be persecuted on account of his asylum-seeker status, where his only evidence in support of the proposition was his credible testimony.

Finally, the IJ reasonably found that there was no evidence in the record to indicate that the Egyptian government would torture El Sayed as a military deserter who had applied for asylum in the United States. We agree with the IJ's finding that even where a country report indicates that a government tortures some prisoners, such evidence does not establish eligibility for CAT relief unless the applicant can show that it is more likely than not that he or she will be singled-out for torture. *Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

Accordingly, El Sayed's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DE-NIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).